UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT FAIRLEY AND RONALD GEORGE          CIVIL ACTION

VERSUS                                        NO.  06-3788

THE STATE OF LOUISIANA; THE LOUISIANA        SECTION "I" (4)
DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; RICHARD L. STALDER,
SECRETARY, DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; THE ORLEANS PARISH
CRIMINAL SHERIFF'S OFFICE; ORLEANS PARISH
CRIMINAL SHERIFF MARLIN GUSMAN; AND
DEPUTIES, OFFICERS AND/OR TROOPERS JOHN
DOE AND RICHARD DOE

REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss Defendants State of Louisiana; State of Louisiana, through the Department of Public Safety and Corrections; and Secretary Richard Stalder (Rec. Doc. No. 6)**, filed by the defendants, the State of Louisiana, the Louisiana Department of Public Safety and Corrections and Secretary Richard Stalder (collectively referred to as "the State defendants").  This motion was opposed by the plaintiffs and was heard with oral argument before the undersigned Magistrate Judge on November 29, 2006.[1]  Also before the Court is a **Rule 12(B)(6) Motion to Dismiss (Rec. Doc. No. 19)** filed by the Orleans Parish Criminal Sheriff's Office to which the plaintiffs have filed no opposition.

---

[1]Rec. Doc. No. 30.

The defendants' motions, along with the case, were referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

I.   **Factual Summary**

The plaintiffs, Robert Fairley ("Fairley") and Ronald George ("George"), filed this purported class action,[2] civil rights complaint against the State of Louisiana, the Louisiana Department of Public Safety and Corrections ("DOC"), Secretary Richard Stalder, in his individual and official capacities, the Orleans Parish Criminal Sheriff's Office, Orleans Parish Criminal Sheriff Marlin Gusman, in his individual and official capacities, and Deputies, Officers and/or Troopers John Doe and Richard Doe.

The plaintiffs allege that, at all times relevant, they were inmates housed within the Orleans Parish Prison system ("OPP"), composed of the House of Detention, Templeman Jail, Phases 1, 2, 3, 4 and 5, and the South White Street facility.[3]   The plaintiffs state that, on August 28, 2005,[4] Mayor Ray Nagin of the City of New Orleans called for a mandatory evacuation of the City in anticipation of the landfall of Hurricane Katrina.   The plaintiff's complain that, in spite of the mandatory evacuation,   the defendants took no action to move the plaintiffs to elevations above the flood-plain and made no provisions to stockpile the prison facilities with food, water, clothing, bedding, sanitary facilities or medication.[5]

---

[2]The plaintiffs have made no effort to certify a class in this instance.

[3]Rec. Doc. No. 1, p.2, ¶3.

[4]The plaintiffs' complaint erroneously references this monumental date as August 28, 2006.  Rec. Doc. No. 1, p.4, ¶8.

[5]Rec. Doc. No. 1, p. 4, ¶8.

The plaintiffs allege that, after Hurricane Katrina made landfall, they were abandoned and remained locked within OPP.[6]  Plaintiffs further allege that, when help arrived days later, they were exposed to and immersed in the "toxic soup" which inundated New Orleans.  They claim that from the prison, they were transported to an overpass where they remained for several hours in the hot sun and in filthy and extremely uncomfortable conditions, before being sent out of New Orleans to State operated penal facilities.

The plaintiffs cite the defendants for violation of the U.S. Constitution and state law through abandonment, assault, battery and excessive force, failure to have an emergency plan, failure to follow existing emergency plans, infliction of physical injury, intentional and/or negligent infliction of cruel and unusual punishment, intentional and/or negligent infliction of mental anguish and emotional distress, and intentional and/or negligent failure to provide food, water, clean clothes and bedding, sanitary facilities, and medication.  The plaintiffs seek to recover monetary damages, attorney's fees, interest, and costs as a result of the events described above.

## II.   <u>Standards of Review of Motions to Dismiss</u>

Under Rule 12(b)(1) and (6), the court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted.  *See* Fed. R. Civ. P. 12(b)(1), (6).  The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted.  *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor.  *Baker v. Putnal*,

---

[6]Rec. Doc. No. 1, p.5, ¶9.

3

75 F.3d 190, 196 (5th Cir. 1996). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990).

Finally, while conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

III.     **Motion to Dismiss Defendants State of Louisiana; State of Louisiana, through the Department of Public Safety and Corrections; and Secretary Richard Stalder (Rec. Doc. No. 6)**

The State defendants filed this motion alleging that they are not "persons" capable of being sued under 42 U.S.C. § 1983 and that they enjoy absolute sovereign immunity from suit in federal court under the Eleventh Amendment. The plaintiffs have opposed the motion arguing that the terms of the Eleventh Amendment and its immunity doctrine have been misinterpreted by the federal courts and should not be applied here. Specifically, the plaintiffs argue that the very terms of the Eleventh Amendment limit the immunity to suits brought against a State by citizens of another state, which is not the case here.

A.     **Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution reads as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

4

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  While unapparent from the text, it is well established that this immunity extends to suits brought against a state by its own citizens.  *See Hans v. Louisiana*, 134 U.S. 1, 16-21 (1890).  The Supreme Court has repeatedly held that the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own State.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986).

This doctrine of sovereign immunity founded in the Eleventh Amendment has been recognized, applied and enforced by the United States Supreme Court for over one hundred years.[7] As such, this district court is bound by the sound doctrine so recognized.  Therefore, the Court will address the application of this doctrine to the State defendants.

**B.     Claims against the State of Louisiana and the DOC**

The plaintiffs have named as defendants the State of Louisiana and the DOC.  The DOC is a department within the Louisiana state government.  La. Rev. Stat. Ann. § 36:401.  For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds.  *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985).  Therefore, suit against the DOC is suit against the State of Louisiana implicates the Eleventh Amendment immunity doctrine.  *Citrano v. Allen Correctional Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

---

[7] See cases cited hereafter.

The Eleventh Amendment does not allow the states, however, to disregard the Constitution or valid federal law. *Alden v. Maine*, 527 U.S. 706, 754-55 (1999). Thus, two constitutional principles limit state sovereign immunity. *Black v. North Panola School Dist.*, 461 F.3d 584 (5th Cir. 2006) (citing *Alden*, at 754-55). First, states are immune from suit per the Eleventh Amendment unless they have given their consent to be sued. *Id.* Where, on its own initiative, a state enacts a statute that consents to suit, it abandons sovereign immunity. *Id.* An exception to this also exists under § 5 of the Fourteenth Amendment, which provides that states cannot prohibit individuals from bringing private suits in state court under 42 U.S.C. § 1983. *Id.* (citing *Alden*, at 756). This exception would not apply in this case which has been brought in federal court.

Second, state sovereign immunity prohibits private suits against States but not against lesser entities. *Alden*, 527 U.S. at 756. Eleventh Amendment immunity does not extend to suits prosecuted against municipalities or other governmental entities that are not considered arms of the state. *Id.* The issue of immunity is raised here by the State and its agent or agencies. Thus, this condition also does not apply since suit is brought against the State.

Thus, the only means of avoiding the Eleventh Amendment prohibition in this case would be if the state has expressly waived Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, as reiterated in the motion to dismiss, the State of Louisiana has not done so. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." The record reflects no indication that the State or the DOC have otherwise expressly waived immunity.

Therefore, the Motion to Dismiss as it applies to the State of Louisiana and the DOC should be granted and the claims against the State of Louisiana and DOC should be dismissed for lack of jurisdiction and for failure to state a claim for which relief can be granted.

### C.       Claims against Richard Stalder in his Official Capacity

The plaintiffs have also sued Richard Stalder, Secretary of the DOC, in his official capacity. In order to succeed on a claim of a civil rights violation under 42 U.S.C. § 1983, a plaintiff must prove both that the constitutional violation occurred and that it did so because of an action taken by a "person" under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981). However, it is a fundamental premise of the Supreme Court that a state actor sued in his official capacity is not considered a person for purposes of suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Thus, Stalder in his official capacity is not a person suable for a civil rights violation under § 1983.

Instead, the action would be considered one taken against the agency he represents. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978). In this case, the agency would be the Louisiana Department of Public Safety and Corrections ("DOC"). As discussed above, the DOC is a department within the Louisiana state government and it enjoys Eleventh Amendment immunity. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). There has been no waiver of this immunity. Therefore, suit against the defendant Stalder, in his official capacity, is suit against the State of Louisiana, which is prohibited by the Eleventh Amendment as resolved above. *Muhammad v. Louisiana*, 2000 WL 1568210 (E.D. La. Oct. 18, 2000).

For these reasons, Stalder, in his official capacity, is not a "person" for purposes of suit and instead, as an official for the State of Louisiana, enjoys Eleventh Amendment immunity from suit. The defendants' Motion to Dismiss should be granted and the claims against Stalder, in his official

capacity only, dismissed for lack of jurisdiction and for failure to state a claim for which relief can be granted.

## IV.    Rule 12(B)(6) Motion to Dismiss (Rec. Doc. No. 19)

The plaintiffs named as a defendant the Orleans Parish Criminal Sheriff's Office.  This motion seeks dismissal of that defendant on the basis that a Sheriff's Office is not a legal entity capable of suing or being sued.  The plaintiffs have not filed an opposition to this motion.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Orleans Parish Criminal Sheriff's Office has the capacity to sue or be sued.[8]  Under Louisiana law, to possess such capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code Art. 24.

Under Louisiana law, Parish Sheriff's Offices are not legal entities capable of suing or being sued.  *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).  The State of Louisiana grants no such legal status to any Parish Sheriff's Office.  *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Without such a recognized status, the Orleans Parish Criminal Sheriff's Office is not a juridical person capable of being sued.

The defendant's Rule 12(b)(6) Motion to Dismiss should be granted and the claims against the Orleans Parish Criminal Sheriff's Office be dismissed for failure to state a claim for which relief can be granted.

---

[8]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* Fed. R. Civ. Proc. 17(b).

V.    **Recommendation**

It is therefore **RECOMMENDED** that the **Motion to Dismiss Defendants State of Louisiana; State of Louisiana, through the Department of Public Safety and Corrections; and Secretary Richard Stalder (Rec. Doc. No. 6)** be **GRANTED** and that the plaintiffs' federal and state claims against the State of Louisiana, the Louisiana Department of Public Safety and Corrections, and Secretary Richard Stalder, in his official capacity only, be **DISMISSED WITH PREJUDICE** for lack of jurisdiction and for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that **Rule 12(B)(6) Motion to Dismiss (Rec. Doc. No. 19)** be **GRANTED** and that the plaintiffs' federal and state claims against the Orleans Parish Criminal Sheriff's Office be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____8th____ day of _____January_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

9