UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT FAIRLEY, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-3788 |
| THE STATE OF LOUISIANA, ET AL | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court are Plaintiffs'[1] Objections to the Report and Recommendation of the Magistrate Judge in this matter.

The facts are as set forth by the Magistrate Judge in her Report and Recommendation. (Rec. Doc. No. 37)  The Magistrate Judge recommended that the Motion to Dismiss filed by the Defendants State of Louisiana; State of Louisiana, through the Department of Public Safety and Corrections; and Secretary Richard Stalder, in his official capacity only (Rec. Doc. No. 6) be granted, and such claims be dismissed with prejudice for lack of jurisdiction and for failure to state a claim upon which relief can be granted.  The Magistrate Judge also recommended that the Rule 12(b)(6) Motion to Dismiss filed by the Orleans Parish Criminal Sheriff's Office  be granted, and

---

[1]Robert Fairley and Ronald George, on their own behalf(s) and on behalf of all individuals similarly situated, Nathaniel Carr, Kevin Green, Fay Hardy, Tyrell LeBlanc, Ladoia Smith and Clifton Thompson.

1

such claim be dismissed with prejudice.  For the reasons stated herein, the Court **OVERRULES** Plaintiffs' objections, and **ADOPTS** the Magistrate Judge's Report and Recommendation as the ruling of the Court on these motions.

Plaintiffs object specifically to Part III A of the Magistrate Judge's ruling as it pertains to Eleventh Amendment immunity; Part III B, also dealing with Eleventh Amendment immunity; Part III C, pertaining to Stalder's arguments regarding Eleventh Amendment immunity, and Part V, the dismissals with prejudice on grounds of Eleventh Amendment immunity.  Plaintiffs do not object to the recommendation that the claims against the Orleans Parish Criminal Sheriff's Office be dismissed with prejudice pursuant to Rule 12(b)(6).

Plaintiffs initially claim that the State of Louisiana waived its Eleventh Amendment immunity "by persistent invocation of the jurisdiction of the Federal Court system in Louisiana", which argument he contends was not addressed by the Magistrate Judge.  To the contrary, however, the Magistrate Judge recognized that a waiver of Eleventh Amendment immunity *must be express*. See *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Welch v. Dep't of Highways,* 780 F.2d 1268, 1271-73 (5th Cir. 1986).  See Page 6 of the Magistrate Judge's Report and Recommendation.  Plaintiffs' objection cites no express waiver by the state.

Secondly, Plaintiffs object and claim they are entitled to conduct discovery to determine whether a waiver of Eleventh Amendment immunity occurred by virtue of federal funding both prior to and since Hurricane Katrina.  The Court finds this argument to be without merit.  It is well settled that receipt of federal funds, in and of itself, cannot establish that a state has consented to suit in federal court.  See, e.g., *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).  Conducting discovery in the general areas of "flood control, hurricane

protection, prison reform and disaster preparation and response", in a search for some waiver of immunity, amounts to nothing more than a fishing expedition which would serve only to significantly delay this matter and drive up the cost of this litigation.

Thirdly, Plaintiffs object to the Report and Recommendation on grounds that their Second Amended Complaint (Rec. Doc. No. 32) includes a claim for prospective injunctive relief, which the Magistrate Judge did not discuss. It is clear, however, that the Magistrate Judge's Report recommends the dismissal of claims *for monetary damages* against these Defendants, and does not include Secretary Stalder, in his individual capacity, nor does it include prospective injunctive relief. A Motion to Dismiss Stalder in his individual capacity is pending and will be the subject of a separate ruling. As to the claim for prospective injunctive relief, further motion practice designed to dispose of such a tenuous claim may be in order.

Lastly, Plaintiffs generally object to the Report and Recommendation claiming that the Eleventh Amendment "has been badly misconstrued by the judiciary, and does not apply under the facts and circumstances of this case." (Memorandum in Support of Objection, Page 5)  Plaintiffs further claim that a waiver of sovereign immunity occurred by virtue of Article 12, § 10(A) of the Louisiana Constitution of 1974 and by virtue of La. R.S. 9:2798.1.  Such an argument, however, overlooks Article 12, § 10(C), which authorizes the legislature to "limit or provide for the extent of liability of the state, a state agency or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages."  La. R.S. 9:2798.1 is accordingly a limitation of such liability.  Subsection B of that statute states:

> Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

Accordingly, Plaintiffs' objections on these grounds are also OVERRULED.

For these reasons, the Report and Recommendation of the Magistrate Judge is **APPROVED AND ADOPTED** by this Court as its rulings on the subject motions, which are, as reflected on Page 9 of the Magistrate Judge's Recommendation, **GRANTED**, and such claims are dismissed with prejudice.

New Orleans, Louisiana, this  23rd  day of March, 2007.

    **KURT D. ENGELHARDT**
    **United States District Judge**