UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT FAIRLEY AND RONALD GEORGE** | CIVIL ACTION |
| **VERSUS** | NO. 06-3788 |
| **THE STATE OF LOUISIANA; THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; RICHARD L. STALDER, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; THE ORLEANS PARISH CRIMINAL SHERIFF'S OFFICE; ORLEANS PARISH CRIMINAL SHERIFF MARLIN GUSMAN; AND DEPUTIES, OFFICERS AND/OR TROOPERS JOHN DOE AND RICHARD DOE** | SECTION "N"(4) |

## ORDER AND REASONS

Before the Court is the **Plainitffs' Motion for Reconsideration of the Magistrate's Denial of Plaintiffs' Motion for Leave to Amend the Complaint, (Rec. Doc. No. 64)**, filed by the plaintiffs. No opposition has been filed to the motion. The Court, having reviewed the pleadings and the record, finds that this matter can be resolved without an evidentiary hearing.

### I. Factual and Procedural Background

As outlined in the Court's prior Order and Reasons (Rec. Doc. No. 61), the original plaintiffs, Robert Fairley ("Fairley") and Ronald George ("George"), filed this purported class action, civil rights complaint against the State of Louisiana, the Louisiana Department of Public Safety and Corrections ("DOC"), and DOC Secretary Richard Stalder ("Stalder"), in his individual and official capacities, the Orleans Parish Criminal Sheriff's Office, Orleans Parish Criminal Sheriff

Marlin Gusman, in his individual and official capacities, and Deputies, Officers and/or Troopers John Doe and Richard Doe.  The plaintiffs repeatedly refer to the defendants collectively as "the State defendants."

In the complaint, the plaintiffs, as inmates housed within the Orleans Parish Prison system ("OPP"), allege that the State defendants took no action to move the plaintiffs to elevations above the flood-plain and made no provisions to stockpile the OPP facilities with food, water, clothing, bedding, sanitary facilities or medication.[1]  The plaintiffs further allege that they were abandoned and remained locked within the facilities within OPP.[2]  The plaintiffs also allege they were exposed to and immersed in the "toxic soup" which inundated New Orleans when they were moved from the prison for evacuation to other facilities.

The plaintiffs claim that the State defendants violated the U.S. Constitution and state law "in an official capacity" for committing "the following constitutional torts" of abandonment, assault, battery and excessive force, failure to have an emergency plan, failure to follow existing emergency plans, infliction of physical injury, intentional and/or negligent infliction of cruel and unusual punishment, intentional and/or negligent infliction of mental anguish and emotional distress, and intentional and/or negligent failure to provide food, water, clean clothes and bedding, sanitary facilities, and medication.[3]  The plaintiffs seek to recover monetary damages, prospective injunctive relief, attorneys' fees, interest, and costs as a result of the events described above.

---

[1] Rec. Doc. No. 1, p. 4, ¶8.

[2] Rec. Doc. No. 1, p.5, ¶9.

[3] Rec. Doc. No. 1, p.5, ¶10.

In the plaintiffs' First Supplemental and Amended Complaint, they added additional plaintiffs, Ladoia Smith, Tyrell LeBlanc, Clifton Thompson, Nathanial Carr, Kevin Green, and Fay Hardy, and to name other potential class members.[4] This complaint added no substantive claims nor did it particularize the claims related to the added plaintiffs.

The Court later ordered the plaintiffs to file another amendment in an effort to meet the heightened pleading requirement necessary to overcome the qualified immunity defense raised by the defendant, Secretary Richard Stalder.[5] The plaintiffs filed a Second Supplemental and Amending Complaint in which they amended their jurisdictional statement to add additional allegations to suggest a waiver of Eleventh Amendment immunity by the State defendants, an issue which had already been resolved in part by the Court, and outlining certain prospective injunctive relief sought.[6] In addition, the plaintiffs stated the following basis for liability against the State defendants collectively:[7]

> By amending their liability allegations against the State defendants by pleading the contents of the attached American Civil Liberties Union, National Prison Project Report entitled: "Abandoned & Abused; Orleans Parish Prisoners in the Wake of Hurricane Katrina",[sic] which is available at www.ACLU.org.

Since the filing of these complaints, the Court has granted several Motions to Dismiss which have resulted in the dismissal of the plaintiffs' federal and state claims against the State of

---

[4]Rec. Doc. No. 8, First Supplemental and Amending Complaint.

[5]Rec. Doc. No. 30.

[6]Rec. Doc. No. 32, Second Supplemental and Amending Complaint.

[7]*Id*., at Paragraph II.

Louisiana, the Louisiana Department of Safety and Corrections, Secretary Richard Stalder, in his individual and official capacities, and the Orleans Parish Criminal Sheriff's Office.[8]

## II.     Plaintiffs' Motion to Reconsider

In their Motion for Leave to File Third Supplemental and Amending Complaint, the plaintiffs sought to rename the existing eight plaintiffs and to add an additional sixty-one (61) plaintiffs into this civil rights action, adopting and re-averring the allegations made in the original and amended complaints brought pursuant to Title 42 U.S.C. § 1983 and state law, including re-averment of claims already resolved by the Court.[9]  On April 30, 2007, the undersigned Magistrate Judge issued an Order and Reason denying the Motion to Amend finding that it failed to meet the standards under Fed. R. Civ. P. 15 as the summary addition of plaintiffs was prejudicial to the defendants and failed to account for the relating-back doctrine.[10]

The plaintiffs now seek reconsideration of that ruling on the basis that the Court did not hold oral argument to show that counsel did not intend to prejudice the defendants by the amendment and because "to be named on a piece of paper, is important to each and every client of undersigned counsel."

## III.    Standard of Review

### A.    Motion to Reconsider

Motions to reconsider, filed within ten days of the order being challenged, are analyzed under Fed. R. Civ. P. 59(e).  *See St. Paul Mercury Insurance Co. v. Fair Grounds Corp.*, 123 F.3d

---

[8]Rec. Doc. No. 48, 49.

[9]Rec. Doc. No. 50.

[10]Rec. Doc. No. 61.

336, 339 (5th Cir. 1997). The court may grant the motion if the moving party demonstrates any of the following: (1) the judgment was based on a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; or (3) the motion is justified by an intervening change in the controlling law. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). A Rule 59(e) motion also may be granted in order to prevent manifest injustice. *See Flynn v. Terrebonne Parish School Board*, 348 F. Supp.2d 769, 771 (E.D. La.2004).

The United States Court of Appeals for the Fifth Circuit has held that, when considering a Rule 59(e) motion to reconsider, a district court should consider the following non-exclusive factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of evidence or arguments; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Sturges v. Moore*, 73 Fed. Appx. 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)).

### B. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

**IV.    Analysis**

The plaintiffs have failed to demonstrate any basis for this Court to reconsider the denial of the Motion for Leave to File Third Supplemental and Amending Complaint. The plaintiffs have not demonstrated any error in fact or law in the prior decision or change in the law which warrants reconsideration. There is no showing that new or unavailable evidence exists to support the prior motion to amend. The plaintiffs have also failed to demonstrate that a manifest injustice will occur as a result of the Court's ruling on the proposed amendment.

The sole basis presented in support of this motion to reconsider is counsel's suggestion that his clients need to be named in a lawsuit. The mere listing of names, however, with no explained connexity to any particular alleged wrong by a particular defendant(s) or damage therefrom fails to

comport with the very basic pleading requirements of Fed. R. Civ. P. 8 or to provide definition of fact and claims in light of the qualified immunity defense already raised by the defendants.

In addition, as noted in the prior order, the plaintiffs proposed amended complaint also seeks to re-aver claims which have been resolved by the Court against defendants who have been dismissed.  This is prejudicial to the defendants and burdensome on the Court.

The plaintiffs have failed to consider, develop, or argue any basis for this Court to reconsider its prior ruling under Fed. R. Civ. P. 59 or to establish that the proposed amendment attached to their motion to amend in anyway comports with the requirements of Fed. R. Civ. P. 8 or 15.  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  Accordingly,

**IT IS ORDERED** that the **Plainitffs' Motion for Reconsideration of the Magistrate's Denial of Plaintiffs' Motion for Leave to Amend the Complaint, (Rec. Doc. No. 64)** is **DENIED**.

New Orleans, Louisiana, this ___3rd___ day of July, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**